UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY TROY GUTIERREZ, | No.  2:14-cv-1968-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Tommy Troy Gutierrez commenced this social security action on August 22, 2014.  (ECF No. 1.)  On October 15, 2015, the court granted plaintiff's motion for summary judgment in part, denied the Commissioner's cross-motion for summary judgment, remanded the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for plaintiff.  (ECF Nos. 16, 17.)

Presently pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA").  (ECF No. 18.)  The Commissioner filed an opposition to the motion, and plaintiff filed reply briefs.  (ECF Nos. 20-22.)  After carefully considering the parties' briefing, the court's record, and the applicable law, the court GRANTS IN PART plaintiff's motion for EAJA fees.

1

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g).  Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).  Furthermore, plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[1]

_____

[1]  The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...."  28 U.S.C. § 2412(d)(2)(G).  The court entered judgment for plaintiff on October 15, 2015.  (ECF No. 17.)  The judgment became a non-appealable "final judgment" 60 days later on December 14, 2015.  See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity).  Accordingly, plaintiff was required to file an application for EAJA fees no later than 30 days after the "final judgment," i.e., by January 13, 2016.  Plaintiff's November 19, 2015 application is therefore timely.

1    Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of fees under the

2    EAJA, because the position of the Commissioner was substantially justified.  See Flores v.

3    Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees

4    unless the government shows that its position "with respect to the issue on which the court based

5    its remand was 'substantially justified'").

6          The burden of establishing substantial justification is on the government.  Gutierrez v.

7    Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  In Pierce v. Underwood, 487 U.S. 552 (1988), the

8    Supreme Court defined "substantial justification" as:

9            "justified in substance or in the main" – that is, justified to a degree
             that could satisfy a reasonable person.  That is no different from the
10           "reasonable basis in both law and fact" formulation adopted by the
             Ninth Circuit and the vast majority of other Courts of Appeals that
11           have addressed this issue.

12   Id. at 565.  A position does not have to be correct to be substantially justified.  Id. at 566 n.2; see

13   also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).  In determining substantial

14   justification, the court reviews both the underlying governmental action being defended in the

15   litigation and the positions taken by the government in the litigation itself.  Gutierrez, 274 F.3d at

16   1259.

17         The Commissioner's argument that its position in this case was substantially justified is

18   unpersuasive.  As the court previously found, the ALJ failed to provide specific and legitimate

19   reasons for discounting the opinion of the consultative examiner that plaintiff was limited to four

20   hours of standing and walking per day with normal breaks.  The ALJ gave little weight to that

21   restriction, reasoning that:  (1) during an intake interview, plaintiff was noted to have no problems

22   with sitting, standing, or walking; (2) plaintiff had 5/5 motor strength at certain treatment visits;

23   (3) plaintiff was able to go shopping and drive a car; and (4) one of the state agency physicians

24   found that plaintiff could stand and walk for 6 hours per day with normal breaks.  However, as

25   the court explained, those reasons were clearly not specific and legitimate.  First, the observation

26   of a layperson, made during a relatively brief interview with the claimant, is insufficient, by itself,

27   to discount the opinion of a medical provider.  Second, the ALJ failed to explain why a finding of

28   full motor strength is necessarily inconsistent with a 4-hour per day walking restriction, which

1    may be necessitated by symptoms unrelated to strength, such as pain and numbness.  Third, the

2    ALJ did not make any specific findings regarding the amount of time plaintiff spent shopping and

3    driving, and it is not implausible that a person limited to four hours of standing/walking would be

4    able to accomplish some driving and shopping.  Finally, the ALJ could not solely rely on the

5    opinion of a non-examining state agency physician to discount the consultative examiner's

6    opinion, particularly given that another state agency physician found that plaintiff was capable of

7    standing and walking only about 2 hours per day with normal breaks.  (See ECF No. 16.)

8         The Commissioner's reliance on Hardisty v. Astrue, 592 F.3d 1072 (9th Cir. 2010) is

9    misplaced.  In Hardisty, the district court found that the ALJ's adverse credibility finding, which

10   rested on inferences regarding the claimant's criminal convictions, a report from a treating

11   physician that was inconclusive regarding malingering, and the claimant's purportedly

12   inconsistent testimony regarding his driving, was insufficient, but nonetheless concluded that the

13   Commissioner's position was substantially justified.  Id. at 1079-80.  The Ninth Circuit affirmed,

14   noting that all of the inferences on which the adverse credibility finding was premised were based

15   on specific evidence in the record which at least arguably cast doubt on the claimant's credibility.

16   Id. at 1080.  Admittedly, the ALJ in this case also relied on specific evidence in the record to

17   discount the consultative examiner's opinion.  However, unlike in Hardisty, the specific evidence

18   cited by the ALJ here does not plausibly cast doubt on the consultative examiner's opinion, at

19   least not without further findings and explanation by the ALJ.

20        To be sure, there are several ambiguities and inconsistencies in the record evidence, and

21   there may well be other reasons for discounting the consultative examiner's opinion, as discussed

22   in the court's remand order.  For those reasons, the court declined to remand the case for payment

23   of benefits.  Indeed, the court expressed no opinion regarding how the evidence should ultimately

24   be weighed within the confines of the applicable law.  However, it is the ALJ's duty in the first

25   instance to set forth specific and legitimate reasons for discounting a consultative examiner's

26   opinion.  Because the ALJ failed to discharge that duty, remand was warranted, and the

27   Commissioner's decision to defend the ALJ's error was not substantially justified.

28   ////

4

1    Therefore, having concluded that the Commissioner's position was not substantially

2  justified, and that there are no other special circumstances that would make an award of EAJA

3  fees unjust, the court finds that plaintiff is entitled to an award of fees pursuant to the EAJA.

4    The EAJA directs the court to award a reasonable fee.  28 U.S.C. § 2412(d)(2)(A).  In

5  determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours

6  expended, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990);

7  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir.

8  1998).  In this case, plaintiff's counsel seeks $6,924.18 in attorneys' fees for prosecution of the

9  action, as well as an additional $1,761.50 for pursuing his opposed application for EAJA fees, see

10  Jean, 496 U.S. 154, for a total award of $8,685.68.  (ECF Nos. 18, 22.)

11    The Commissioner has not challenged plaintiff's counsel's hourly rates, which are based

12  on the hourly rates for EAJA fees published on the Ninth Circuit's website—$190.06 for 2014

13  and $189.68 for 2015.  See 28 U.S.C. § 2412(d)(2)(A); Thangaraja v. Gonzales, 428 F.3d 870,

14  876-77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6.

15    However, the Commissioner objects to the reasonableness of the time plaintiff's counsel

16  spent on various tasks and activities.  After independently reviewing the individual time entries

17  on the timesheets submitted by plaintiff's counsel (ECF Nos. 19-2, 22-2), the court makes the

18  following adjustments:

19    (1) The court deducts time spent in connection with seeking an extension of time to file

20        plaintiff's motion for summary judgment, because the extension was necessitated not

21        by plaintiff himself or the Commissioner, but instead by plaintiff's counsel's own

22        workload, and thus is not the type of cost that would reasonably be passed on to a

23        client or adversary.  The court deducts 0.23 hours (0.2 hours from January 21, 2015

24        and 0.03 hours from January 22, 2015) at the 2015 rate of $189.68, for a total

25        deduction of $43.63.

26    (2) The court deducts time spent by plaintiff's counsel on a phone call with the referring

27        attorney after issuance of the court's remand order, because the phone call primarily

28        concerned the administrative proceedings following remand and not this civil action.

1    Additionally, because plaintiff's counsel also billed for explaining the remand

2    proceedings to his own client, and the court awards such fees as reasonably incident to

3    this civil action, the court concludes that the government should not also have to pay

4    for post-remand discussions with the administrative counsel.  The court therefore

5    deducts 0.53 hours at the 2015 rate of $189.68, for a total deduction of $100.53.

6    The courts finds the remaining time spent by plaintiff's counsel to be reasonable and thus

7    overrules the Commissioner's objections to the extent that they are not addressed by the above

8    modifications.

9    Finally, in light of the fact that plaintiff obtained a favorable judgment remanding the case

10   for further administrative proceedings, the court concludes that the requested amount of fees, as

11   modified above, is consistent with the result obtained.

12   Therefore, the court awards plaintiff his EAJA attorneys' fees in the amount of $8,541.52

13   ($8,685.68 - $43.63 - $100.53 = $8,541.52).  The court notes that plaintiff has executed an

14   assignment of EAJA fees to plaintiff's counsel.  (ECF No. 19-1.)  However, the EAJA award

15   must be made by this court to plaintiff, and not to counsel.  See Astrue v. Ratliff, 560 U.S. 586

16   (2010).  Nevertheless, if the government determines that plaintiff does not owe a federal debt that

17   qualifies for offset, payment may be made in the name of plaintiff's attorney.

18   Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

19   1.  Plaintiff's motion for attorneys' fees under the EAJA is GRANTED IN PART.

20   2.  Plaintiff is awarded attorneys' fees in the total amount of $8,541.52 pursuant to the

21        EAJA.  If the government determines that plaintiff does not owe a federal debt that

22        qualifies for offset, payment may be made in the name of plaintiff's attorney.

23   3.  This order resolves ECF Nos. 18 and 22.

24   4.  The Clerk of Court shall close this case.

25   IT IS SO ORDERED.

26   Dated:  January 5, 2016

27

28   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

6