UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY TROY GUTIERREZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:14-cv-1968-KJN<br><br><br><br>ORDER |

Presently pending before the court is counsel for plaintiff Tommy Troy Gutierrez's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), filed on July 17, 2018. (ECF No. 24.)[1] Plaintiff's counsel seeks a net award of $4,500.00 (4.01% of plaintiff's past due benefits as calculated by the Commissioner of Social Security ["Commissioner"].) Plaintiff was served a copy of the motion and afforded an opportunity to respond, which he did not exercise. (ECF Nos. 24-26.) On July 30, 2018, the Commissioner filed a statement of non-opposition to plaintiff's counsel's motion. (ECF No. 27.) After considering the parties' briefing, appropriate portions of the record, and the applicable law, the court GRANTS the motion.

---

[1] This case was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge. (ECF Nos. 8, 11.)

1

BACKGROUND

The facts and procedural history of this case were extensively outlined in the court's previous orders and need not be repeated here. (See e.g. ECF Nos. 16, 23.) Briefly stated, on October 15, 2015, the court granted plaintiff's motion for a remand pursuant to sentence six of 42 U.S.C. § 405(g) and entered judgment in favor of plaintiff. (ECF Nos. 16, 17.)

Subsequently, on November 19, 2015, plaintiff's counsel filed a motion for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), which he later amended on December 23, 2015. (ECF Nos. 18, 22.) On January 5, 2016, the court granted in part the motion for fees and costs under the EAJA in the amount of $8,541.52. (ECF No. 23.)

Thereafter, plaintiff's counsel filed the instant motion for attorneys' fees under 42 U.S.C. § 406(b). (ECF No. 24.)

DISCUSSION

Title 42 U.S.C. § 406(b) provides, in part, that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The United States Supreme Court has held that auxiliary back benefits (benefits payable to the claimant's dependents) are included in the total amount of back benefits to be considered for purposes of attorneys' fees under 42 U.S.C. § 406(b). Hopkins v. Cohen, 390 U.S. 530 (1968).

The Commissioner typically does not act as an adversary, but instead as an adviser to the court with respect to fee requests under 42 U.S.C. § 406(b). Crawford v. Astrue, 586 F.3d 1142, 1144 n. 2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination resembling that of a trustee for the claimants"). Indeed, in this case, the Commissioner filed a

statement of non-opposition to the motion, endorsing plaintiff's attorney's request. (ECF No. 27.) However, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." Crawford, 586 F.3d at 1149.

In Crawford, the Ninth Circuit Court of Appeals extensively discussed how the reasonableness of the fee within the 25% cap is to be determined. The court noted that although the Ninth Circuit had previously utilized the lodestar method to determine the reasonableness of fees under 42 U.S.C. § 406(b), i.e., "by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case" with consideration of possible enhancements, the approach changed after the United States Supreme Court's decision in Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Crawford, 586 F.3d at 1148. The Ninth Circuit observed that:

> In *Gisbrecht*, the Supreme Court flatly rejected our lodestar approach. The court explained that we had "erroneously read § 406(b) to override customary attorney-client contingent-fee agreements" when we approved the use of the lodestar to determine a reasonable fee, *Gisbrecht*, 535 U.S. at 808-09, 122 S.Ct. 1817. The Court held that a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect "the primacy of lawful attorney-client fee agreements," *id.* at 793, 122 S.Ct. 1817, "looking first to the contingent-fee agreement, then testing it for reasonableness," *id.* at 808, 122 S.Ct. 1817. The Court noted that courts that had followed this model had "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.* "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. *Id.* The attorney bears the burden of establishing that the fee sought is reasonable. *Id.* at 807, 122 S.Ct. 1817.

Id. Thus, performance of the district court's duty to assure reasonableness of the fee "must begin, under *Gisbrecht*, with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. at 1149, 1151 ("the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard

3

representation or delayed the case, or if the requested fee would result in a windfall").

In support of his motion for attorneys' fees under 42 U.S.C. § 406(b), plaintiff's counsel attached an attorney-client agreement, signed by plaintiff, that provided for a contingent fee of 25% of any past due benefits awarded in plaintiff's case pursuant to 42 U.S.C. § 406(b). (Declaration of Jared Walker, ECF No. 24 at 5-7 ["Walker Decl."] Ex. 1.) Plaintiff's counsel served on plaintiff a copy of the motion (ECF No. 24 at 7) and a copy of the court's minute order that afforded plaintiff an opportunity to oppose the motion (ECF No. 26), but plaintiff did not file any objections to plaintiff's counsel's fee request. Accordingly, the court has no reason to doubt plaintiff's counsel's representations regarding the fee agreement.

Plaintiff's counsel also provided a copy of a notice of past-due Social Security benefits in the amount of $112,141.90, of which $28,035.84 were withheld to pay plaintiff's representative. (Walker Decl. ¶ 4, Ex. 2.) As noted above, plaintiff's counsel seeks approximately 4% of this total amount, i.e., an award of $4,500.00.

In light of the guidance provided in Crawford, the court finds plaintiff's counsel's fee request to be reasonable. As an initial matter, agreements providing for fees of 25% of past due benefits are the "most common fee arrangement between attorneys and Social Security claimants." Crawford, 586 F.3d at 1147. Additionally, the Commissioner does not point to, and neither does the undersigned find, any indication that plaintiff's counsel performed substandard work or unduly delayed the case; to the contrary, plaintiff's counsel's work over several years ultimately resulted in a fully favorable decision for plaintiff and an award of back benefits and continuing benefits. Furthermore, the total amount sought ($4,500.00) does not appear to be disproportionate to the amount of time plaintiff's counsel spent on the case. In his briefing, plaintiff's counsel indicates that he, Mr. Walker, spent approximately 36.49 hours on the case, which he has supported with detailed billing records. (Walker Decl. ¶ 6, Ex. 3.) This equates to a rate of approximately $123 per hour ($4,500.00 divided by 36.49 equals 123.32), and is well below the standard, market rate for attorneys with experience comparable to Mr. Walker, as well as Mr. Walker's billed rate of $190.06. (Id.)

////

For these reasons, the court awards plaintiff's counsel the requested amount of $4,500.00 in attorneys' fees under 42 U.S.C. § 406(b). The court directs that the full amount be paid to plaintiff's present counsel.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (ECF No. 24) is GRANTED.

2. The Commissioner shall pay plaintiff's counsel in this case the sum of $4,500.00 in attorneys' fees under 42 U.S.C. § 406(b). The remainder withheld from the back benefits awardable to plaintiff, including any auxiliary back benefits, shall be disbursed to plaintiff.

IT IS SO ORDERED.

Dated: August 27, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/gutierrez.1968. 406b fee order

5